MERCER McCALL THARPE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78243. Promulgated June 30, 1938.

*M. E. Kilpatrick, Esq.*, for the petitioner.
*C. A. Ray, Esq.*, for the respondent.

**1132**

OPINION.

BLACK: It is the contention of the petitioner that his employment by the Georgia Tech Athletic Association as assistant coach in charge of the freshman football team, constituted him an employee of a department of the Government of the State of Georgia, and that in the performance of his duties he was exercising an essential governmental function, thereby exempting his salary from payment of income tax thereon. There is no contention that he was an "officer" within the meaning of that word as defined in similar cases.

The respondent, on the other hand, presents several arguments in opposition—(1) that because of the skill required of the petitioner in the duties performed and because of the part time nature of his duties, his relationship was more in the nature of an independent contractor as distinguished from master and servant; (2) that coaching a football team to engage in intercollegiate athletics is not an essential governmental function; and (3) that the tax upon the petitioner's salary imposed no burden upon the State of Georgia.

We sustain points (2) and (3) made by respondent, and find it unnecessary to discuss point (1).

We shall assume that petitioner, as an employee of the Georgia Tech Athletic Association, was thereby an employee of the Georgia School of Technology, and that the Georgia School of Technology is an agency of the State of Georgia. Cf. *G. Ridgely Sappington*, 25 B. T. A. 1385. However, the mere holding that petitioner is employed by an agency of the State of Georgia does not mean that the compensation which he receives from such employment is immune from Federal taxation. Cf. *Commissioner* v. *Gerhardt*, 304 U. S. 405. The duties performed by petitioner for the athletic association were to coach the freshman football team of Georgia Tech. In performing these duties, we do not think he was engaged in the performance of essential governmental functions. Cf. *Allen* v. *Regents of University System of Georgia*, 304 U. S. 439.

One of the cases cited by petitioner in support of his contention was *Regents of the University System of Georgia* v. *Page*, 81 Fed. (2d) 577. That decision reversed the United States District Court for the Northern District of Georgia, which had held on motion, without a hearing on the merits, that intercollegiate athletics, including football, carried out as a part of the program of physical education at Georgia Tech, was not carrying on a governmental function. On reversal by the Fifth Circuit, the United States District Court heard

the case on its merits and found in favor of the regents of the University System of Georgia. The Government then appealed to the Fifth Circuit and that court affirmed the decision of the District Court. See *Page* v. *Regents of the University of Georgia*, 93 Fed. (2d) 887. Writ of certiorari was granted by the Supreme Court. In the meanwhile, Collector Page had died and Collector Marion H. Allen was substituted as petitioner. The Supreme Court decided the case in favor of the Government on May 23, 1938. See *Allen* v. *Regents of the University System of Georgia, supra.* We recognize of course that the question involved in that case was not the same as the question here involved. In *Allen* v. *Regents of the University System of Georgia* the question involved was the right of the Government to collect admission taxes on football tickets, where the tickets were sold by the Georgia Tech Athletic Association, for admission to football games held under the auspices of the athletic association, while here the question is whether the compensation of petitioner, as an employee of the athletic association engaged in coaching the freshman football team, is immune from taxation. While the questions involved in the two cases are not the same, it seems clear to us that the implications of the Supreme Court's decision in *Allen* v. *Regents of the University System of Georgia, supra*, are against the contentions of petitioner.

Aside from the fact that we hold that petitioner, as an employee of the athletic department of Georgia Tech engaged in coaching the freshman football team, was not engaged in the performance of essential governmental functions, and therefore his compensation is not immune from the Federal income tax, we also hold that a tax on petitioner's salary would impose no burden upon the State of Georgia.

The evidence affirmatively shows that the Legislature of the State of Georgia made no appropriation in either of the taxable years to defray the expenses of the athletic department of Georgia Tech. The evidence shows that this department was sustained entirely by a fund raised from two sources—(1) athletic fees of $7.50 a year paid in by each student of Georgia Tech, and (2) receipts from intercollegiate contests, mostly football games. The latter made up much the larger part of the funds of the athletic association. The receipts from (1) were paid over to the athletic association and receipts from (2) were received directly by it. From this common fund all expenses of the athletic department of Georgia Tech were paid, including the salary of petitioner.

In view of these facts, we would hold that petitioner's compensation is not immune from the Federal income tax even if all other factors were in his favor. If there would be any burden imposed

on the State of Georgia by taxing petitioner's salary under such circumstances, it would be entirely too contingent and remote to justify any constitutional immunity. Cf. *Commissioner* v. *Gerhardt*, *supra; Commissioner* v. *Therrell*, 303 U. S. 218; *Ned R. Harman*, 34 B. T. A. 654; affd., 90 Fed. (2d) 622.

The petitioner, in support of his contention that the athletic department of Georgia Tech is a part of the educational system of the State of Georgia and therefore it is immaterial that it derives its chief support from admission fees to football games, cites the Supreme Court decision in *Commissioner* v. *Coronado Oil & Gas Co.*, 285 U. S. 393. He quotes the language of the Supreme Court in that case, as follows: "Here the lease to the respondent was an instrumentality of the state for the purpose of carrying out her duty in respect of public schools. To tax the income of the lessee arising therefrom would amount to an imposition upon the lease itself." From this language petitioner argues that the fact that an incidental admission charge is made to athletic contests and the proceeds therefrom furnish the chief support of the athletic department does not affect the tax immunity of the salaries of the employees of that department. Since the filing of petitioner's brief and the citation of the *Coronado Oil & Gas Co.* case, that case has been expressly overruled by the Supreme Court in *Commissioner* v. *Mountain Producers Corporation*, 303 U. S. 376. Therefore, if it may be assumed that the *Coronado Oil & Gas Co.* case did support petitioner's contention, it is now no longer authority.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

OPPER, concurring: While in accord with the conclusion reached in the majority opinion, we feel compelled to record our inability to agree with its discussion of the second point; that is, whether petitioner's duties involve the performance of an essential governmental function on behalf of the State of Georgia. By this we do not wish to be understood as suggesting that a football team is an essential element of a program of higher education or that the coaching of such a team is an inherent part of the process of collegiate instruction. But we do feel that any reference to the character of petitioner's occupation, and especially any discussion of whether or not an instrumentality of the State of Georgia was thereby engaged in the performance of an essential governmental function, is unnecessary for the determination in this case. It is even more evident here than it was in *Commissioner* v. *Gerhardt*, 304 U. S. 405,

that a tax upon the salary of petitioner would constitute at most a burden "so indirect or conjectural as to be but an incident of the co-existence of the two governments and therefore not within the constitutional immunity." That ground is the only one we consider necessary for the decision of this proceeding.

ARUNDELL, TURNER, and DISNEY agree with the above.